**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Min Kang

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN KANG,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>II. **CALIFORNIA IDENTITY THEFT ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

3. MIN KANG ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BANK OF AMERICA, N.A. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect an invalid debt from Plaintiff and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332.

10. Plaintiff is a citizen of the State of California who seeks more than $75,000 from Defendant, a citizen of the State of North Carolina.

11. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and, (ii) California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Bernardino County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

# PARTIES

14. Plaintiff is a natural person who resides in Hesperia, California, from whom Defendant sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. Defendant is a national bank and debt collector operating from the State of North Carolina.

17. Defendant is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

18. Defendant in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

19. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

# FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff is an individual residing within the State of California.

21. Unbeknownst to Plaintiff, her former friend and business partner, Hyon Lee, betrayed her trust by utilizing Plaintiff's strong credit for Lee's own personal gain in January 2019.

22. Lee eventually incurred $15,000 of debt to Defendant without Plaintiff's knowledge or consent while leaving Plaintiff responsible for the charges (the "Account").

23. Plaintiff eventually discovered this issue in July 2019 upon notice from the Internal Revenue Service that there were discrepancies with Plaintiff's tax filings.

24. Upon investigating this issue further, Plaintiff determined that Lee was responsible for both the tax issues and the Account.

25. Plaintiff then began disputing the Account with Defendant in order to be absolved of this fraudulent debt.

26. Thereafter, Defendant sent Plaintiff a written communication dated June 4, 2020 seeking additional from Plaintiff in order to investigate Plaintiff's fraud claims.

27. Plaintiff completed Defendant's Fraud Statement form and returned it to Defendant via facsimile on June 14, 2020.

28. Said Fraud Statement provided Defendant with an explanation as to the basis for why Plaintiff believed Plaintiff was the victim of identity theft.

29. Plaintiff's Fraud Statement also identified Lee as the fraudster and further confirmed that Plaintiff did not authorize Lee to utilize her information for this large debt.

30. Plaintiff signed the Fraud Statement while certifying that the information was "true, correct, and complete and made in good faith…" and also confirmed that knowingly making an false or fraudulent statements therein may result in imprisonment and/or a fine.

31. Despite receipt of this completed form, Defendant rejected Plaintiff's dispute via letter dated July 10, 2020.

32. Plaintiff submitted yet another dispute to Defendant via facsimile dated July 27, 2020.

33. Plaintiff's July 27, 2020 dispute further explained the basis for Plaintiff's belief that she is the victim of fraud and again explained that Lee acted alone in committing the fraud.

34. While this was pending, Plaintiff obtained a Police Report on August 14, 2020 to further substantiate her claims.

35. Unfortunately, Defendant rejected the fraud yet again via written communication dated August 17, 2020.

36. Defendant then requested that Plaintiff complete another Fraud Affidavit on August 18, 2020.

37. Immediately thereafter, Plaintiff completed this form and also provided a copy of Plaintiff's California Driver's License and Social Security card.

38. Plaintiff also submitted her Police Report to Defendant on August 25, 2020.

39. After not hearing any further information from Defendant, Plaintiff submitted yet another dispute dated September 8, 2020 via facsimile.

40. This dispute included a copy of the fraudulent credit card at issue herein which was solely in Lee's name.

41. Plaintiff subsequently received a written communication dated September 8, 2020 which informed Plaintiff that her dispute was again rejected because she failed to include her identification.

42. While Plaintiff had previously provided this information to Defendant, she provided it again in along with a dispute submitted to Defendant in December 2020.

43. Throughout 2020, Plaintiff provided even more information to Defendant than what was requested in order to be absolved of this fraudulent debt.

44. Despite receipt of this information, Defendant continues to hold Plaintiff responsible for the fraud.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

45. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Defendant violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that Defendant knew or should have known to be inaccurate  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

48. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

49. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

50. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

51. Through this conduct, Defendant violated Cal Civ. Code § 1798.93.

52. Defendant's continued collection efforts have had a severe impact on Plaintiff's life.

53. Plaintiff has spent countless hours disputing this inaccurate information with Defendant in an attempt to provide any and all information needed for the investigation.

54. While Plaintiff was thorough in Plaintiff's disputes at all times, Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

55. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large debt mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations.

56. This emotional distress has also caused Plaintiff to lose significant amounts of hair.

57. Despite Plaintiff's repeated attempts, Defendants continue to seek payment from Plaintiff towards the fraudulent debt.

58. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

## [AGAINST ALL DEFENDANTS]

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

61. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT II

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE § 1798.92-1798.97
## [AGAINST ALL DEFENDANTS]

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

64. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- A declaration regarding Plaintiff's lack of liability to the claimants pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2);
- An injunction regarding claimants pursuant Cal. Civ. Code § 1798.93(c)(3); and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

65. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 4, 2021                                          Respectfully submitted,

**LOKER LAW, APC**

By:   ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF