# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN KANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　Defendant. | Case No. 5:21-cv-00954-JWH-KK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF No. 43]** |

Before the Court is the motion of Defendant Bank of America, N.A. ("B of A") to dismiss the Second Amended Complaint of Plaintiff Min Kang.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

### I. BACKGROUND

After the Court granted two previous motions to dismiss, B of A now seeks the dismissal of Kang's latest pleading under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties are familiar with the factual background of this action, so the Court will recount only the facts relevant to this order. This Court warned Kang in its previous order that she would be granted "leave to amend one more time" and that any further pleading required "***far greater specificity***" (emphasis in original).[3] Kang failed to heed the Court's admonition, though, and the minimal changes that she made to her pleading—as shown by the notice of revisions[4]—do not satisfy the pleading requirements for violations of either the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") or the California Identify Theft Act (the "CITA"). For the following reasons, Kang's Amended Complaint is **DISMISSED without leave to amend**.

---

[1]  Def.'s Mot. to Dismiss Pl.'s Second Am. Compl. (the "Motion") [ECF No. 43].

[2]  The Court considered the following papers: (1) Second Am. Compl. (the "Amended Complaint") (including its attachments) [ECF No. 39]; (2) Motion (including its attachments); (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 46]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 52].

[3]  Order Granting Def.'s Mot. to Dismiss (the "Order") [ECF No. 38] 7:21-23; *see also* Minute Order of Video Hearing re: Def.'s Mot. to Dismiss Compl. [ECF No. 27].

[4]  *See* Pl.'s Notice of Revisions to Am. Compl. [ECF No. 50].

## II. LEGAL STANDARD

### A. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### B. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore,

leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III. DISCUSSION

**A.  Rosenthal Act Claim**

B of A moves to dismiss Kang's first claim for violations of the Rosenthal Act. B of A contends that (1) Kang failed to plead that the debt in question was a "consumer debt"; (2) Kang failed to allege that B of A attempted to collect the debt personally from Kang; and (3) Kang is time-barred by the two-year statute of limitations under the Rosenthal Act.[5] This Court dismissed Kang's First Amended Complaint due to her failure to plead that B of A attempted to collect the debt personally from Kang, and it dismissed Kang's initial Complaint because she failed to assert that B of A's debt collection activities were directed at Kang.[6] Because Kang's first claim for relief depends on alleging that B of A attempted to collect the debt from Kang, the Court begins its analysis here.

The Rosenthal Act is designed to protect consumers from unfair and abusive debt collection practices, *see* Cal. Civ. Code § 1788.1, and it defines the term "debt collection" as any act or practice in connection with the collection of consumer debts. *See* Cal. Civ. Code § 1788.2(b). Under the act, the term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. *See* Cal. Civ. Code § 1788.2(c). The term "debt" means money, property, or their equivalent that is due or owing or alleged to be due or owing from a natural

---

[5]  Motion 12:25-13:11.
[6]  Order 7:1-3.

-4-

person to another person, and "consumer credit transaction" means a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes. *See* Cal. Civ. Code § 1788.2(d)-(e).

      Here, Kang *for a third time* fails to plead sufficiently that B of A was engaged in any debt collection actions that were personally directed at her. Whether or not the account in question was a "consumer debt" or time-barred is irrelevant; if Kang cannot show that B of A attempted to collect the debt *personally* from her, then her claim will fail. In her Opposition, Kang highlights an addition to her Amended Complaint where she alleges that she received notifications from B of A that she should continue making payments on the account in question "to avoid any related charges."[7] Additionally, Kang newly alleges that "[t]hrough this written communication, Defendant, a claimant, demanded that Plaintiff, a victim of identity theft, satisfy a fraudulent debt of nearly $15,000.00."[8]

      These two new additions that Kang made to her Amended Complaint—the only changes that she made to her dismissed First Amended Complaint that pertain to B of A's efforts to collect the debt personally from Kang—fail to plead a claim under the Rosenthal Act. At best, these allegations show that B of A denied Kang's fraud claim and continued to mail statements to her regarding the balance due on her account.[9] Kang provides no facts or legal authorities that permit the Court to construe those alleged actions as debt collection activities by B of A against Kang. Instead, the facts show that those were routine billing

---

[7]   Amended Complaint ¶ 46.
[8]   *Id.* at ¶ 47.
[9]   *Id.* at ¶¶ 39, 44-47; *see also* Def.'s Request for Judicial Notice ("RJN") [ECF No. 30], Ex. A.

activities required by law. *See Marcotte v. Gen. Elec. Cap. Servs., Inc.*, 709 F. Supp. 2d 994, 1002 (S.D. Cal. 2010) (holding that periodic and account statements required by both California and federal law did not qualify as debt collection activities).

Kang cites *Romero v. Monterey Fin. Servs., LLC*, 2021 WL 268635 (S.D. Cal. Jan. 27, 2021), in her Opposition, arguing that B of A's communications satisfied the requirements of the Rosenthal Act.[10] But even a cursory reading of *Romero* distinguishes it from the instant action. In *Romero*, the defendant was a debt collector "in the business of purchasing and collecting debts." *Id.* at *1. In furtherance of its debt collection efforts, the defendant sent letters and made phone calls to the plaintiff, attempting to collect on the plaintiff's debt, and the defendant began to report the plaintiff's account to credit reporting agencies. *Id.* The defendant in *Romero* did not contest that it attempted to collect the debt personally from the plaintiff, and the case does not support Kang's claim under the Rosenthal Act. *Id.* at *6-*7.

Kang has failed to plead sufficiently that B of A engaged in debt collection activities against her personally, and her new additions to her Amended Complaint are "too vague to give rise to any inference that a specific defendant has violated the" Rosenthal Act. *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1027 (N.D. Cal. 2006). Additionally, the Court cannot see a path for Kang to plead a Rosenthal Act claim. *See Glover v. Fremont Inv. & Loan*, 2009 WL 5114001, at *8 (N.D. Cal. Dec. 18, 2009) (dismissing a claim without leave to amend because it failed to include sufficient factual allegations that the defendant violated the Rosenthal Act). Accordingly, Kang's first claim for relief is **DISMISSED with prejudice**.

---

[10] Opposition 6:21-27.

B.     **CITA Claim**

B of A renews its motion to dismiss Kang's CITA claim, which this Court previously dismissed because Kang failed to plead that B of A attempted to collect this debt personally from Kang, and not as the owner of Sammy Spa.[11] Under the CITA:

> A person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with *the claimant's claim against that person*. If the claimant has brought an action to recover on its claim *against the person*, the person may file a crosscomplaint to establish that the person is a victim of identity theft in connection with the claimant's claim.

Cal. Civ. Code § 1798.93(a) (emphasis added). "The term 'claimant,' as defined in California Civil Code § 1798.92(a), reflects a present tense interest in a debt or attempt to collect." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008).

As B of A noted in its previous motion to dismiss, Kang does not dispute that the account in question was opened by her former business partner—Hyon Lee—in the name of their business, Sammy Spa.[12] Kang points to additions that she made to her Amended Complaint claiming that B of A addressed letters to Kang requesting payments on the fraudulent debt, but those communications are the same routine account statements discussed above concerning Kang's Rosenthal Act claim.[13] Nothing within the Amended Complaint contradicts the fact that B of A was requesting payment from Kang *as an owner of Sammy Spa*, and not from Kang in her personal capacity. Furthermore, Kang's counsel previously represented to the Court at oral argument that he could identify the

---

[11]   Order 12:8-10.
[12]   Motion 20:7-8; RJN, Ex. A; *see also* Amended Complaint ¶ 21.
[13]   Amended Complaint ¶¶ 46 & 47.

written communications that B of A sent attempting to collect from Kang personally, but those communications are neither pleaded in Kang's Amended Complaint nor identified in her Opposition. Kang has been afforded multiple opportunities to correct the deficiencies within her pleading, and the Court is not convinced that providing Kang a fourth opportunity to amend her claims will result in success. Accordingly, Kang's CITA claim is **DISMISSED with prejudice.**

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. B of A's Motion is **GRANTED**.
2. Kang's Second Amended Complaint is **DISMISSED without leave to amend**.
3. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated: May 24, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE